NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

GEORGE VORBACH, PETITIONER, v. ROBERT HAMPTON, TRADING AS ROBERT HAMPTON & COMPANY, RESPONDENT.

Injury to Eye—Treatment, but Blindness Followed—Evidence to Show That Blindness Might Have Resulted From a Condition Existing Previous to Accident—Weight of Evidence, However, Indicated That Blindness Resulted From Accident —Temporary and Permanent Compensation Awarded.

On statement of facts, determination and order.

For the petitioner, *Henry Carless.*

For the respondent, *Richard W. Baker.*

\*     \*     \*     \*     \*     \*     \*

3. The said George Vorbach, on the 3d day of March, 1926, was in the employ of the respondent as a roofer. He had been in the employment of the respondent for twenty-two years, and at the time of the accident was a foreman at the wages of $60 a week. On the said 3d day of March, 1926, he was using a hatchet to chip the tar and slag from a roof, and while so doing some particles of the tar and slag flew up and into his right eye, causing him to experience sharp and severe pain in said right eye.

4. The said accident arose out of and in the course of his employment with the respondent, who had notice of the same on a few days after the happening thereof.

5. Soon after the happening of the said accident, two of the petitioner's fellow-employes saw that something was the matter with petitioner's right eye, and one of them looked into the eye and took out some fine grit. An eye wash was used by petitioner that same day, and he continued to use home remedies until about March 14th, without relief. He

then went to his family physician, who put drops in his eye and later on advised him to go to an eye specialist, which he did on or about March 25th. He was then told by respondent to go to the office of his insurance carrier. He went there and was ordered to go to the office of Dr. Sherman, who sent him to the Newark Eye and Ear Infirmary, where he remained for about ten days, and was then treated by Dr. Sherman at his office until May 3d, 1927, on which date he was able to go back to work, his right eye then being free from inflammation, but blind.

6. It is undenied that an accident happened to petitioner on the date alleged in the petition, and that it arose out of his employment with respondent, who had notice of it.

Dr. Hughes, who testified for petitioner, and Drs. Sherman and Quimby, who testified for respondent, agreed that if petitioner's right eye was good before the accident, that the accident could have produced the condition from which he is now suffering. Dr. Sherman gave it as his opinion, however, that on account of the pronounced atrophy of the right eye when he first examined him twenty-three days after the accident, he believed the condition to be an old one and not due to the accident. The petitioner, however, declared he could see with the right eye just as well as with the left eye up to the time of the said accident. His daughter, Margaret Laval, said she had looked at her father's eyes before the accident; that they both looked the same; that she never noticed anything the matter with either of them until his right eyelid was swollen and the white of his right eye turned red after the accident.

On one hand I have the opinion of medical experts and on the other hand the positive testimony of petitioner, whom I had opportunity to observe on the witness-stand, and who impressed me as telling the truth as to the condition of his right eye before the accident and since.

7. By reason of said accident and injury the petitioner was unable to follow his usual or any other occupation from March 25th, 1926, to May 3d, 1926, being a period of five and three-sevenths weeks, for which he is entitled to compensa-

tion under the said statute for four and three-sevenths weeks at the rate of $17 per week, amounting to $75.29.

8. The said accident and injury produced in addition to said temporary disability a permanent disability, which consists of the loss of the right eye, for which he is entitled to compensation for one hundred weeks at the rate of $17 per week, amounting to $1,700.

9. I further find and determine that the services of an attorney and medical witnesses were necessary for the proper presentation of this case.

It is thereupon, on this 29th day of July, 1927, ordered that compensation for four and three-sevenths weeks' temporary disability at the rate of $17 per week, amounting to $75.29, and one hundred weeks' compensation for permanent disability at the rate of $17 per week, amounting to $1,700, and totalling $1,775.29, be paid by the respondent to the petitioner.

It is further ordered that the respondent do pay to petitioner, in addition thereto, the sum of $5, to reimburse him for payment of stenographer's fees, and the sum of $50 as medical witness fees and the costs allowed by law.

It is further ordered that Henry Carless, attorney for the petitioner, be allowed as and for his legal services in conducting these proceedings, the sum of $200, to be paid by the respondent.

It is further ordered that judgment shall be entered against the respondent in favor of the petitioner in accordance herewith, and the compensation due to the petitioner to date, the stenographer's fee, the medical witness fees, and the attorney's allowance be paid by the respondent forthwith, and that the balance of compensation be paid in accordance with the statute as the same falls due.

HARRY J. GOAS,
Deputy Commissioner.